IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| LAURIE TIBBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. C 05-2001 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ANN B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Application for Judicial Review of a final decision of the Commissioner of Social Security. The briefing schedule concluded on July 18, 2005. Reversed and remanded for payment of benefits.

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security supplemental security income benefits. The court has jurisdiction pursuant to 42 USC§405(g).

Plaintiff alleges disability due to fibromyalgia, headaches, and depression. She contends that the Administrative Law Judge (ALJ) erred in failing to give appropriate weight to the views of her treating physician, and failed to properly evaluate her subjective allegations. She urges that upon proper consideration of these matters, vocational expert testimony establishes her disability. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, it is the court's view that the ALJ failed to afford appropriate weight to the views of plaintiff's treating physician, Dr. Michael Brooks. See T. 241-245. Additionally, the court concludes that plaintiff's subjective allegations were improperly discounted, as her daily activities are not inconsistent with her subjective allegations, and her financial status affected her compliance with recommended treatment and prescribed medications. When Dr. Brooks' views are accorded appropriate weight, vocational expert testimony establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982) (en banc). T. 311.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

August 19, 2005.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT